In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-4625

BRITT A. SHAW, on behalf of himself
and all others similarly situated,

*Plaintiff-Appellant,*

*v.*

HYATT INTERNATIONAL CORPORATION,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 5022—**Harry D. Leinenweber**, *Judge.*

ARGUED JUNE 8, 2006—DECIDED AUGUST 29, 2006

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* This case arises out of a hotel reservation made through the Hyatt International Corporation website "Hyatt.com," by Britt Shaw, an American citizen, from his residence in London, England, for a hotel stay in Moscow, Russia. Shaw used that Hyatt website to reserve a room at the Ararat Park Hyatt Moscow. Although the hotel in Moscow for which the reservation was made carries the Hyatt name, Shaw avers that it is a separate entity not owned by Hyatt, and in fact Shaw

does not claim that the Moscow hotel engaged in any wrongdoing; his lawsuit is solely against Hyatt.

The Hyatt website established a nightly hotel room rate for the Ararat Park Hyatt Moscow of $502.00. The website contained a currency converter to obtain a quote in other currencies, but cautioned that the conversion represented an approximate price based on the recent exchange rates, and that "the price paid at the time of hotel checkout will be of the currency initially quoted and displayed." Russian rubles were not included as an option in the currency conversion. The website further specified the terms and conditions governing the use of the site, including that any disputes arising out of or related to the use of the website would be governed by Illinois law.

Shaw reserved the room through the website, and stayed at the hotel for three nights. Upon checkout, his bill was provided in Russian rubles. Shaw paid the bill using his American Express card, which charged him a total of $3182.33 for the room, value added tax, and other amenities. Shaw's hotel bill reflected a hotel exchange rate of 32 Russian rubles per United States dollar, whereas the official exchange rate set by the Central Bank of Russia on the date of check-out was 28.01 Russian rubles per dollar. The result was that Shaw paid approximately 14% more for his room in U.S. dollars than the rate promised by the website. Accordingly, he pursued this class action in Illinois court against Hyatt on behalf of himself and all others similarly situated, alleging unjust enrichment and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("Consumer Fraud Act"). Shaw did not allege breach of contract, maintaining throughout the proceedings that there is no contract between himself and Hyatt. Hyatt removed the case to federal court.

The district court granted Hyatt's motion to dismiss both claims. With respect to the consumer fraud claim, the court

noted initially that a non-resident plaintiff may sue under the Consumer Fraud Act only if the fraudulent transaction occurred "primarily and substantially" within Illinois. *See Avery v. State Farm Mutual Auto. Ins. Co.*, 835 N.E.2d 801, 853-54 (Ill. 2005). Applying that standard, the district court concluded as a matter of law that the allegations failed to establish the requisite nexus with Illinois, and therefore that there was no basis for the application of the Consumer Fraud Act to the hotel transaction. In addition, the court dismissed the unjust enrichment claim, holding that the claim arose out of an express contract between Hyatt and Shaw, and therefore the doctrine of unjust enrichment was inapplicable. In concluding that there was an express contract, the district court noted that a specific transaction was entered into between the parties and that Shaw relied on the details of that transaction for his lawsuit, including the price of the room, the currency in which it was to be charged, and even the website's terms and conditions of the transaction such as its choice of law provision.

The district court properly noted that Illinois courts have interpreted the Consumer Fraud Act as providing a cause of action for non-residents only if the "circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Avery*, 835 N.E.2d at 853-54. The "disputed transaction" at issue is the material misrepresentation made by Hyatt on its website as to the rate for the room and the currency in which the room would be charged, designed to lure potential guests into making a reservation. On initial impression, there would appear to be little connection between the legislature's desire to protect against frauds perpetrated in Illinois, and a reservation made on the internet from London for a hotel room in Moscow. The nexus is not, however, non-existent. Hyatt is a Delaware corporation with its principal place of business in Chicago, Illinois. Shaw alleges that its corporate headquarters are located in Illinois and it operates its

website out of Chicago, and the representations on that website are the basis for the suit. Specifically, the website offered the room at the Moscow hotel for the price of $ 502.00 per night, and declared that the charge for the hotel room would be made in the currency initially offered—which for Shaw's reservation was U.S. dollars. The Hyatt website further provided that Illinois law governs all disputes arising out of its website, that exclusive jurisdiction for any claim or action arising out of the website shall be in Illinois, and that the customer agrees to submit to the exercise of personal jurisdiction in Illinois courts for such claims. Whether the above circumstances are enough to establish that the dispute occurred primarily and substantially in Illinois rather than London, Moscow or elsewhere is a question we need not decide, because the district court properly held that there was an express contract between Shaw and Hyatt, and that ultimately resolves both of his claims.

In *Avery v. State Farm Mutual Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005), the Illinois Supreme Court rejected efforts by the plaintiff to enforce contractual promises through a consumer fraud action, holding that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." Quoting *Zankle v. Queen Anne Landscaping*, 724 N.E.2d 988, 992-93 (Ill. App. 2 Dist. 2000), the court explained:

> What plaintiff calls "consumer fraud" or "deception" is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. [citation

omitted] We believe that a "deceptive act or practice" involves more than the mere fact that a defendant promised something and then failed to do it. That type of "misrepresentation" occurs every time a defendant breaches a contract.

*Avery*, 835 N.E.2d at 844; *Zankle*, 724 N.E.2d at 993-93; *Sklodowski v. Countrywide Home Loans, Inc.*, 832 N.E.2d 189, 196-97 (Ill. App. 1 Dist. 2005); *Pappas v. Pella Corp.*, 844 N.E.2d 995, 999-1000 (Ill. App. 1 Dist. 2006). This principle has been consistently applied by Illinois courts in myriad circumstances. For instance, the *Avery* court relied on that principle in holding that the failure to fulfill promises contained in State Farm's insurance policies could not form the basis for a consumer fraud action. Accordingly, the court held as a matter of law that the consumer fraud claim in *Avery* could not be based on the assertion that State Farm breached its promise to restore the vehicles to their pre-loss conditions, nor could it rest on the promise to repair vehicles using parts of "like kind and quality," both of which claims were based on policy language. *Id.* The *Avery* court therefore considered only the claims that were not based on the policy language in assessing the consumer fraud claim. Similarly, in *Zankle*, the court held that allegations that landscapers failed to fulfill the terms of the landscaping contract— including false representations as to when they would complete the project, that they would fertilize the lawn twice, and that they would utilize a rock picker to remove rocks—were actionable only as a breach of contract and could not support a consumer fraud claim. 724 N.E.2d at 992-93. *See also Sklodowski*, 832 N.E.2d at 196-97 (challenge to 14-day delay in refunding mortgage escrow could not be brought as a consumer fraud action, because it was based on the provision in the mortgage requiring "prompt" refund and was simply an allegation that Countrywide failed to fulfill its contractual obligation); *Kindernay v. Hillsboro Area*

*Hospital*, 851 N.E.2d 866 (Ill. App. 5 Dist. 2006) (allegation that the defendant failed to properly administer the Department of Transportation drug test constituted a breach of contract claim and was not actionable under the Consumer Fraud Act).

Shaw's consumer fraud claim similarly seeks to enforce an unfulfilled contractual promise. Although Shaw argues that he had no contract with Hyatt, that is unfounded. Shaw's claim is based entirely on the promise made by the Hyatt website that the cost of the room would be $502.00 in U.S. currency. Shaw accepted that offer by reserving his room through the website, thereby locking in that rate for the room. The "deception" that he now claims is nothing more than the failure to fulfill that promise as to the ultimate rate for the room. That is true as well of his claim that the website deceived him and other customers by providing that the charge would be in U.S. dollars, when it knew that the Moscow hotel would charge clients in rubles. The Hyatt statement appears when the customer selects the currency conversion option, and relates to the rate being offered by the website. The currency converter specifies that it is an approximation based on current exchange rates, and that the price paid at the time of hotel checkout would be of the currency actually quoted. Again, this is a promise as to the price that Shaw must pay for the room. Rather than promising that the hotel would bill the room in dollars rather than rubles, it promises that the price he pays for the room will be in the dollar amount originally quoted. If he were charged in rubles but the price paid in dollars amounted to $502.00, it is difficult to see how this provision would have been violated. Even assuming, however, that this provision guarantees that the hotel will charge him in dollars rather than rubles, that is again an express contractual promise that was unfulfilled, and is properly maintained as a breach of contract action. Shaw's consumer fraud argument thus relies exclusively on the

express promises made by the Hyatt website, which he accepted by booking on its site, and therefore is based entirely on the breach of that contract. Similarly, Shaw fails to present a claim for unjust enrichment, because that is unavailable where the claim rests on the breach of an express contract. *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. 2005) (the doctrine of unjust enrichment has no application where a specific contract governs the relationship of the parties). Shaw failed to pursue a breach of contract action, explicitly disavowing it to this court, and therefore the district court properly granted Hyatt's motion to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The decision of the district court is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
